UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Christopher Brodeur

   v.                                                            Case No. 20-cv-959-PB

State of New Hampshire and
Lonnie McCaffrey, Prosecutor

**REPORT AND RECOMMENDATION**

     Pro se plaintiff Christopher Brodeur has filed a Complaint (Doc. No. 1), asserting that he is homeless and disabled; that he has been the target of illegal evictions, police misconduct, false arrests, and detention; and that he has suffered violations of his civil rights and his right to a fair trial in criminal cases.  Mr. Brodeur filed this case without paying the filing fee and without filling out and filing the application to proceed in forma pauperis that this court's clerk's office mailed to him.

     The complaint alleges that Mr. Brodeur is eligible for in forma pauperis status.  Mr. Brodeur's signature on the complaint is prefaced by a declaration under penalty of perjury that the matters alleged in the complaint are "true & provable."  Doc. No. 1.  Assuming, without deciding, that the averments in Mr. Brodeur's complaint regarding his financial eligibility are sufficient to allow this court to waive the filing fee, this court subjects the complaint to preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

**Standard**

This court subjects complaints filed in forma pauperis to preliminary review under LR 4.3(d)(2) and may dismiss complaints that fail to state a claim upon which relief can be granted, or that seek damages from defendants who are immune from such relief.  See id.; see also 28 U.S.C. § 1915(e)(2).  The court construes pro se complaints liberally in conducting that preliminary review.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Discussion**

Mr. Brodeur has alleged myriad facts regarding private parties, his criminal defense attorney, the state courts, the Governor, federal judges, prosecutors, and the Raymond Police Department.  He has named only two defendants, however:  the State of New Hampshire and a police prosecutor, Attorney Lonnie McCaffrey.

The State is not a proper defendant to any claim in this case.  The Eleventh Amendment shields states from lawsuits like Mr. Brodeur's, naming the State, state agencies, or state

2

officers in their official capacities, as defendants. Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014). The district judge should dismiss all of Mr. Brodeur's claims against the State as barred by the Eleventh Amendment, and the State should be dropped as a party.

Mr. Brodeur's claims against Attorney Lonnie McCaffrey are also not viable. Absolute prosecutorial immunity shields state actors from civil liability for engaging in "prosecutorial actions that are 'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 341 (2009) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); see also Kalina v. Fletcher, 522 U.S. 118, 130 (1997) (absolute prosecutorial immunity shielded prosecutor's conduct in preparing and filing charging document from claims for damages under section 1983). Mr. Brodeur has alleged that Attorney McCaffrey took steps, alone or in concert with the state court judge and his criminal defense attorney, after his speedy trial rights had attached, which caused his criminal trials to be delayed indefinitely. Such allegations concerning the prosecutor's conduct undertaken during the judicial phase of his criminal cases falls within the scope of absolute prosecutorial immunity. The claims arising from such allegations are properly dismissed under 28 U.S.C. § 1915(e)(2). Accordingly, the district judge should dismiss Mr. Brodeur's

claims against Attorney McCaffrey, and Attorney McCaffrey should be terminated as a defendant.

There are no other individuals or entities named as defendants in the complaint.  Declining to construe the instant complaint as intending to state claims against individuals or agencies that Mr. Brodeur has not named as defendants, the district judge should dismiss this action for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2).[1]

## Conclusion

For the foregoing reasons, the district judge should dismiss the Complaint (Doc. No. 1).  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file objections within the specified time waives the right to

---

[1] The outside of the envelope that Mr. Brodeur used to mail the original complaint to the court includes a handwritten note stating that the "Raymond Police illegally stole/broke my music instruments" and "helped illegally evict me despite the Governor's Emergency Order," Doc. No. 1-1.  Those statements echo assertions in the complaint regarding Mr. Brodeur's eviction and the termination of his Wi-Fi access in March 2020, which do not appear to give rise to claims against the named defendants.  This court expresses no opinion as to whether plaintiff could file a new complaint in an appropriate forum stating claims under federal or state law, regarding the mishandling of his musical instruments and his eviction, naming appropriate individuals or entities as defendants.

appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*[signature: Andrea K. Johnstone]*
Andrea K. Johnstone
United States Magistrate Judge

May 3, 2021

cc:   Christopher Brodeur, pro se

5